# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MII AVIATION SERVICES LLC, *et. al.*, | Case No. 26-10123 (LSS) |
| Debtors. | Re: Docket No. 199 |

## MEMORANDUM ORDER

Before me is the Motion of Christopher R. Donovan, Sr. for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2) ("Motion"). For the reasons set forth below, the Motion is denied.

*Background*

Debtors MII Aviation Services LLC ("Aviation") and Michal International Investment LLC ("MII") filed voluntary petitions on February 1, 2026. The cases are jointly administered. MII is a holding company; it is the sole owner of Aviation. Aviation, in turn, is the sole owner of nondebtor Boston Executive Helicopters ("BEH").

Mr. Donovan filed the Motion, *pro se*, on May 5, 2026 together with his declaration and five exhibits.[1] Mr. Donovan does not specify the amount of his asserted administrative expense in the Motion, but he seeks allowance and payment of all unpaid wages and expenses earned in the ordinary course. In response, on June 30, 2026, Debtors objected to the Motion, which they combined with an objection to Mr. Donovan's proof of claim.[2]

---

[1] Omnibus Filing Package of Christoper R. Donovan Sr. Pro Se, Dkt. No. 199.

[2] Debtors' Obj. to Claim Filed by Christopher R. Donovan, Sr., and Mot. of Christoper R. Donovan Sr. for Allowance and Payment of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(B)(1)(A) and 507(A)(2), Dkt. No. 308. As stated at the hearing, I declined to entertain the objection to Mr. Donovan's proof of claim as it was procedurally improper and provided only seven days' notice.

On July 8, 2026, I held a hearing on the Motion at which Mr. Donovan testified. The Agreement (defined below) which forms the basis of Mr. Donovan's administrative expense request was admitted into evidence without objection.[3] I also entertained argument.

*Facts*

Based on the evidence, I find the following facts.

BEH is an entity that operates a helicopter charter service out of Boston. Mr. Donovan is a co-founder of BEH, still operates BEH and is the chief pilot. Mr. Donovan is not employed by either Debtor.

Prepetition, on January 8, 2025, Mr. Donovan, in his individual capacity, and as Manager of BEH and Moshe Yanai, as alleged Manager of both BEH and Aviation, signed a four-page agreement ("Agreement"). The Agreement purports to "modify and formalize" an agreement made fifteen years prior (i.e., effective as of January 1, 2010) regarding annual bonus payments owed to Mr. Donovan for his services to BEH. Paragraph 2 of the Agreement contains the following table.

| Year | BEH's Gross Income | Bonus % | Base Bonus | Multiplier | Total Bonus |
|---|---|---|---|---|---|
| 2011 | $175,980.00 | 8.00% | $14,078.40 | 2.41 | $33,928.94 |
| 2012 | $346,532.00 | 10.00% | $34,653.20 | 2.252 | $78,039.01 |
| 2013 | $321,405.00 | 10.00% | $32,140.50 | 2.105 | $67,655.75 |
| 2014 | $434,687.00 | 10.00% | $43,468.70 | 1.967 | $85,502.93 |
| 2015 | $463,034.00 | 10.00% | $46,303.40 | 1.838 | $85,105.65 |
| 2016 | $571,834.00 | 10.00% | $57,183.40 | 1.718 | $98,241.08 |
| 2017 | $588,481.00 | 10.00% | $58,848.10 | 1.606 | $94,510.05 |
| 2018 | $573,852.00 | 10.00% | $57,385.20 | 1.501 | $86,135.19 |
| 2019 | $960,317.00 | 10.00% | $96,031.70 | 1.403 | $134,732.48 |
| 2020 | $1,036,892.00 | 10.00% | $103,689.20 | 1.311 | $135,936.54 |

---

[3] The agreement can be found at Dkt. No. 308, Ex. A. It is a four-page agreement (titled "AGREEMENT").

| 2021 | $1,437,252.00 | 10.00% | $143,725.20 | 1.225 | $176,063.37 |
|------|---------------|--------|-------------|-------|-------------|
| 2022 | $2,120,065.00 | 10.00% | $212,006.50 | 1.145 | $242,747.44 |
| 2023 | $2,427,389.00 | 10.00% | $242,738.90 | 1.07  | $259,730.62 |
| 2024 | $2,275,000.00 | 10.00% | $227,500.00 |       | $227,500.00 |

As can be seen, each year, Mr. Donovan's yearly bonus (reflected as "Total Bonus") was determined by taking a given percentage of BEH's gross income to arrive at the base bonus, then multiplying that number by a multiplier that decreased each year. Based on the calculations reflected in the table, the parties acknowledge in the Agreement that Mr. Donovan is owed $1,805,829.05 "in total accrued annual bonuses (2011-2024)." The Agreement also provides for a one-time bonus payment of $50,000. These amounts are to be paid on or before September 15, 2025.

Mr. Donovan was not paid the annual bonuses as they accrued from 2011-2024. He could have taken the bonuses yearly. Instead, he voluntarily deferred taking those bonuses when due.

Mr. Donovan currently receives a $240,000 annual salary, paid on a weekly basis by BEH. Mr. Donovan has timely received his weekly pay.

*Discussion*

Debtors have wide-ranging objections to Mr. Donovan's administrative expense request, including that he has no claim whatsoever against either Debtor. I need not, however, decide that issue or any others raised in the Objection to resolve the Motion. Accordingly, for purposes of the Motion, I am assuming, but not deciding, that Aviation is liable to Mr. Donovan for the missed bonus payments; the sole question before me is whether any portion of these bonus payments enjoy administrative expense status.

3

Section 503 of the Bankruptcy Code provides for administrative expenses for the actual and necessary costs of preserving the estate, which includes wages, salaries and commissions for services *"rendered after the commencement of the case . . . ."*[4]

The application of the statute is straightforward. Here, it is clear that no portion of the bonuses owed to Mr. Donovan are for services rendered after the bankruptcy case was filed on February 1, 2026. As reflected in the above table, Mr. Donovan's annual bonus was based on BEH's revenues for the years 2010-2024, all prepetition. Mr. Donovan had a right to take the bonus each year, but voluntarily deferred doing so. Even the Agreement's deadline (September 15, 2025) for payment to Mr. Donovan of all past due bonuses was prepetition.[5] The only postpetition feature here is Mr. Donovan's assertion of a right to payment. This cannot turn a prepetition claim into an administrative expense. There are simply no facts that support an argument that the bonuses acknowledged in the Agreement are due for services Mr. Donovan has rendered since February 1, 2026.

It is understandable that Mr. Donovan seeks to be paid his past-due bonuses.[6] But, based on the evidence adduced at the hearing, any claim he has against Aviation is not entitled to administrative expense status.[7]

---

[4] 11 U.S.C. § 503(b)(1)(A)(i) (emphasis added).

[5] In argument, I asked Mr. Donovan whether any of the $1,855,829.05 was owed for 2025 or 2026. He responded in the negative.

[6] When asked by Debtors' counsel to provide a basis for his assertion that his claim is entitled to administrative priority, Mr. Donovan testified that he is "continuing to run the business, classified as the most valuable asset and yes, I'm getting paid to do that, but I'm not getting my promised bonus compensation, so . . . I think it's only fair that I would get paid."

[7] I do not comment on whether and when nondebtor BEH may decide to pay Mr. Donovan his bonuses.

For the foregoing reasons,

**IT IS HEREBY ORDERED,** that the Motion is **DENIED.**

Dated: July 29, 2026

LAURIE SELBER SILVERSTEIN
United States Bankruptcy Judge

5